**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

Consolidated Case Nos. 00-60805, 00-60806, 00-60807

BANK ONE, N.A.,

                                        Plaintiff-Appellant,

                        VERSUS

EMMA BOYD, ROSCOE SHIELDS, STELLA REEVES,

                                        Defendant-Appellees.

Appeals from the United States District Court
For the Northern District of Mississippi

April 5, 2002

Before REAVLEY, HIGGINBOTHAM and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge.

Bank One appeals the district court's Orders of Abstention and Dismissal. Bank One contends that the district court abused its discretion in abstaining from exercising jurisdiction and declining to rule on their Motions for Summary Judgment to Compel Arbitration. For the reasons that follow, we agree. We therefore vacate the district court's November 7, 2000, Orders of Abstention and Dismissal and remand these cases to the district court for further proceedings consistent with this opinion.

-1-

## BACKGROUND

These consolidated cases arise from the sale and financing of home satellite television systems. In the mid-1990s, Appellees purchased satellite television systems from door-to-door salesmen and telephone solicitors. Financing for the satellite systems was provided by Bank One in the form of a revolving credit card account. In conjunction with the sale, purchasers (hereinafter "Cardmembers") were required to complete and execute a Credit Application and Security Agreement. The Credit Application was accompanied by a Revolving Credit Card Plan and Disclosure Statement (collectively hereinafter "Cardmember Agreement"). The Cardmember Agreement also contained an amendment provision, permitting Bank One to change or amend the terms of the Cardmember Agreement "upon fifteen (15) days prior written notice if required by law."

In March 1998, Bank One notified its Cardmembers of a proposed modification to the Cardmember Agreement. The modification added an arbitration provision to the Cardmember Agreement requiring that all disputes, arising from or relating in any way to the Cardmember Agreement or the Cardmember's account, be resolved by binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (hereinafter "FAA"). Cardmembers who did not wish to accept the arbitration provision could opt out by notifying Bank One, in writing, on or before April 15, 1998, of their decision to reject the new terms. Cardmembers who opted out pursuant to the terms of the notice could maintain their accounts under the prior terms of the Cardmember Agreement. None of the Appellees notified Bank One, by the April 15, 1998 deadline, of their decision to reject the terms of the arbitration provision.

In October 1999, Appellees and a number of other plaintiffs filed suit in Mississippi state court against Bank One and at least thirteen other named defendants. Appellees' complaint asserted that they were misled as to the nature of the financing of their purchases of the satellite systems and claimed numerous causes of action including fraud, conspiracy, negligence, and intentional infliction of emotional distress. Sky Scanner Satellite, a co-defendant in the state court proceeding, removed the suit to federal district court where the action was remanded to the state court in August 2000. In September, immediately following the remand, Bank One filed individual suits against the Appellees in federal district court seeking to enforce the arbitration provision of the Cardmember Agreements pursuant to the FAA. On November 7, 2000, the district court issued a Memorandum Opinion and Orders of Abstention and Dismissal. The district court reasoned that abstention was warranted due to: 1) the state court's concurrent jurisdiction over the arbitration issue and ability to resolve contract disputes including the enforceability of the arbitration provision of the Cardmember Agreement; 2)the multiplicity of Bank One's related federal actions to compel arbitration; 3) the possibility of inconsistent rulings in federal court; and 4) the prior filing of the underlying state court action. Bank One now challenges the district court's ruling.

## STANDARD OF REVIEW

We review a district court's decision not to exercise its jurisdiction for an abuse of discretion; its underlying legal conclusions, *de novo*. *See Safety Nat'l Cas. Corp. v. Bristol-Myres Squibb Co.,* 214 F.3d 562, 564 (5th Cir. 2000).

-3-

**ANALYSIS**

Bank One complains that the district court erred in abstaining from ruling on its motions to compel arbitration under the FAA. Specifically, Bank One asserts that the district court misapplied the abstention doctrine set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), and further elucidated in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1 (1983). Bank One contends that the district court's abstention in favor of concurrent state court proceedings constitutes an abuse of discretion in light of the absence of exceptional circumstances warranting abstention and the FAA's liberal federal policy favoring arbitration agreements. Appellees maintain, however, that the district court's abstention was appropriate because: 1) the state court action was filed first; 2) Bank One raised arbitration as an affirmative defense in its answer in the state court action and has made no showing that the state court is reluctant to hear the matter; 3) abstention by the federal district court avoids piecemeal litigation resulting from the multiplicity of Bank One's federal court actions; 4) Bank One's filing of the federal actions is a vexatious attempt to harass Appellees and avoid proper state court jurisdiction; and 5) the interests of wise administration of judicial resources are best served by permitting one state court judge to determine the issue of arbitration for all plaintiffs in the single state court action.

The federal courts have a virtually unflagging obligation to exercise the jurisdiction conferred upon them. *Colorado River,* 424 U.S. at 817. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. Abdication of the obligation to decide cases under the doctrine of abstention can be

justified "only in the exceptional circumstances where the order to the parties to repair to state court would clearly serve an important countervailing interest." *Id.* The doctrine of abstention generally applies only to cases involving "considerations of proper constitutional adjudication [or] regard for federal-state relations . . . in situations involving the contemporaneous exercise of concurrent jurisdictions."[1] *Id.* at 817. The present case, however, presents neither a federal constitutional question nor an issue of federal-state comity. Nevertheless, it may still be appropriate for a federal district court to refrain from exercising jurisdiction on considerations of wise administration of judicial resources.

"[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in

---

[1]Decisions of the Supreme Court have confined to three general categories, the circumstances appropriate for abstention. Abstention is appropriate in cases presenting complex questions of state law which affect policy issues of substantial public concern whose significance goes beyond the result in the case then at bar. *See Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 30 (1959). Abstention has also been found to be appropriate in cases where, "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for purpose of restraining state criminal proceedings, state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining closure of places exhibiting obscene films, or collection of state taxes." *Colorado River,* 424 U.S. at 816 (internal citations omitted). The third category of cases where abstention is appropriate involve federal constitutional issues where a state court's determination of pertinent state law might render the issues moot. *See County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189 (1959).

favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16. Factors relevant to the decision include: 1) which court first assumed jurisdiction over the res; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) whether and to what extent federal law provides the rules of decision on the merits; and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *See Colorado River,* 424 U.S. at 818; *Moses H. Cone,* 460 U.S. at 23, 26; *Black Sea Inv., Ltd. v. United Heritage Corp.,* 204 F.3d 647, 650 (5th Cir. 2000) (citation omitted).

The first factor is not relevant to the present case as neither the state nor federal district court have assumed jurisdiction over any res or property. Although the second factor is applicable to the case at bar, neither party has raised the inconvenience of the federal forum as an issue. Because the federal court and the state court are in the same geographic region, we find this factor weighing in favor of the district court exercising jurisdiction. The Appellees argue that the third factor, the desirability of avoiding piecemeal litigation, weighs in favor of the district court's surrender of jurisdiction. The district court acknowledged that the FAA "contemplates federal-state piecemeal litigation as a result of the filing of a federal petition to compel arbitration of issues raised in a state court proceeding," and found this factor weighing in support of refraining from exercising jurisdiction because of duplicative litigation. The FAA, however, not only contemplates piecemeal litigation, but "requires piecemeal resolution when necessary to

give effect to an arbitration agreement." *Moses H. Cone,* 460 U.S. at 20. When concurrent jurisdictions exist between federal district courts, the general principle is to avoid duplicative litigation. *Colorado River,* 424 U.S. at 817 (citations omitted). No such principle exists, however, as between state and federal courts. Rather, "[t]he rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *McClellan v. Carland,* 217 U.S. 268, 282 (1910).

The Appellees assert that the fourth factor to be considered, the order in which jurisdiction was obtained by the concurrent forums, weighs in support of the district court's surrender of jurisdiction because of the earlier filing of their state court action. The district court also relied on the prior filing of the underlying state court action to find support for declining to exercise jurisdiction. The Supreme Court, however, has cautioned against giving "too mechanical a reading to the 'priority' element" and instructs that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Id.* at 21. The state court suit was filed in October 1999. Bank One, however, was not served until May 2000. Furthermore, in November 1999, the state court action was removed to federal district court and remained there until it was remanded to the state court on August 23, 2000. On September 7, 2000, Bank One filed the individual suits in federal district court seeking enforcement of the arbitration agreements. Indeed, the state court action was filed first in time, but its progress relative to the federal suits calls into question the weight attributed to this factor.

The fifth factor, whether and to what extent federal law provides the rules of decision, weighs in favor of the district court exercising jurisdiction. Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. The FAA establishes that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 24-25.

Appellees argue that the sixth factor, the adequacy of the state proceedings, weighs in support of the district court's surrender of jurisdiction. The district court noted the state court's concurrent jurisdiction over the arbitration issue and found it capable of resolving contract disputes, including enforcement of the arbitration agreement. In addition, the district court noted that Bank One raised arbitration as an affirmative defense in its answer in the state court action but has failed to pursue it by way of motion in the state court suit. We agree with the district court concerning the state court's concurrent jurisdiction and adequacy to resolve the arbitration issue. In light of the short interval of time, however, between the district court's remand of the underlying state court action and the filing of Bank One's federal suits seeking enforcement of the arbitration agreements, we are less inclined to agree with the importance that the district court has placed on Bank One's failure to pursue arbitration by way of motion in the state court action. "[A]lthough enforcement of the [FAA] is left in large part to the state courts, it nevertheless represents federal policy to be

-8-

vindicated by the federal courts where otherwise appropriate." *Id.* at 26 n.32.

The factors listed above do not represent a hard and fast rule for determining whether abstention is appropriate, "but instead describe some of the factors relevant to the decision." *Id.* at 15. Accordingly, Appellees argue that Bank One's initiation of federal suits to compel arbitration was a vexatious attempt to harass Appellees and avoid proper state court jurisdiction. We disagree. "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan*, 217 U.S. at 282. Bank One's federal suits to compel arbitration under the FAA are based on diversity jurisdiction.[2] Being properly in the federal court, Bank One had "a right granted by Congress to have the court decide the issues they presented." *Donovan v. City of* Dallas, 377 U.S. 408 (1964). We find nothing vexatious in Bank One's resort to the federal courts.

The Appellees also contend that the interests of wise administration of judicial resources are best served by permitting one state court judge to determine the issue of arbitrability for all plaintiffs in the single state court action. Similarly, the district court found support for abstention due to the multiplicity of Bank One's federal court actions and the possibility of inconsistent rulings. Although we find, in general, some support

---

[2]"The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction." *Moses H. Cone,* 460 U.S. at 26 n.32.

in these arguments for a district court's surrender of jurisdiction, in the present case, the Appellees' desire for determination of the arbitrability issue by a single state court judge for all state court plaintiffs and the possibility of inconsistent rulings fail to rise to the level of exceptional circumstances as contemplated in *Colorado River* and therefore fail to overcome the duty of the district court to adjudicate a controversy properly before it.

Applying all of these factors to the present case, presents us with a close call. Indeed, "the decision whether to defer to the state courts is necessarily left to the discretion of the district court." *Moses H. Cone*, 460 U.S. at 19. Yet such discretion must be exercised in accordance with *Colorado River*'s exceptional circumstances test. Although the case law on important factors warranting abstention is not clearly defined, the Supreme Court cases do provide guidance. The determination of whether abstention is appropriate requires a case by case analysis balancing the factors involved in any given case with the obligation to decide cases properly before the court. On balance, the factors present here weigh in favor of exercising jurisdiction. We therefore find that the district court abused its discretion in refraining from exercising jurisdiction and declining to rule on Bank One's motions to compel arbitration.

The Appellees also contend, alternatively, that in the event that this Court finds the district court's abstention inappropriate, that they are entitled to discovery prior to a ruling on Bank One's motions to compel arbitration. The Appellees further contend that if abstention was inappropriate and they are not entitled to discovery, Bank One is not entitled to an order

compelling arbitration. In support of this contention, the Appellees have asserted a number of contract defenses to the arbitration provision of the Cardmember Agreements. The district court, however, did not reach the merits of Appellees' request for discovery or contract defenses and we decline the invitation to examine them.

## CONCLUSION

For the reasons discussed above, the district court's November 7, 2000, Orders of Abstention and Dismissal are vacated and these cases are remanded to the district court for further consideration on the merits of Appellees' request for discovery and contract defenses.

VACATED and REMANDED.