**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**JUL 22 2002**

Charles R. Fulbruge
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60910

_____

Summary Calendar

_____

AMERICAN SECURITY INSURANCE COMPANY,

                                        Plaintiff-Appellant,

versus

MONEY STEWART,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:01-CV-153-LN
--------------------

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     American Security Insurance Company (American) is appealing the district court's order granting the appellee Money Stewart's motion to dismiss its complaint and denying American's request to compel arbitration of its dispute with Stewart.  American argues that Stewart is claiming fraudulent inducement with respect to its overall contract with American and others and not solely with respect to the arbitration clause and, thus, the matter must be

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

referred to arbitration.  Stewart argues that the district court properly invoked the abstention doctrine because the entire dispute among all the involved parties can be resolved in the pending state court proceeding.

In light of the strong federal policy favoring arbitration, the district court abused its discretion in declining to exercise its jurisdiction and in failing to rule on the motion to compel arbitration.  See Bank One, N.A. v. Boyd, 288 F.3d 181, 184-87 (5th Cir. 2002).

The matter is REMANDED to the district court for the entry of factual findings regarding whether Stewart is asserting fraud in the inducement of the contract generally or if his claim of fraudulent inducement focuses specifically on the execution of the arbitration agreement.  See Bhatia v. Johnston, 818 F.2d 418, 421 (5th Cir. 1987); Snap-On Tools Corp. v. Mason, 18 F.3d 1261, 1268 (5th Cir. 1994).  If the district court determines that Stewart's allegations of fraudulent inducement are directed to the contract generally, arbitration should be compelled.  If the district court determines that the claim of fraud focuses on the arbitration clause only, it should make a factual determination whether the arbitration agreement was induced by fraud.  The case is REMANDED to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.