**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-60522

CONSECO FINANCE SERVICING CORPORATION,

Plaintiff-Appellee,

VERSUS

MARY SHINALL and JOHNNIE PAYNE,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Mississippi
(01-CV-107)

October 1, 2002

Before SMITH, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellants, Mary Shinall and Johnnie Payne, appeal the district court's denial of their motion to dismiss and the orders compelling arbitration and staying their state court action. For the reasons that follow, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

**BACKGROUND**

In the summer of 1999, Appellants, both residents of Mississippi, visited Lakeland Drive Mobile Home Sales, d/b/a Lakeland Mobile Home Sales (hereinafter "Lakeland") in Vicksburg, Mississippi. David Walters, also a resident of Mississippi and a representative of Lakeland, assisted Appellants in viewing the two homes on Lakeland's lot available for sale. The home Appellants decided to purchase was a used mobile home. Appellants made a down payment and Lakeland agreed to finance the remainder of the purchase. In completing the purchase transaction, Appellants executed a Manufactured Home Retail Installment Contract and Security Agreement (hereinafter "Contract") containing an arbitration clause. Although Lakeland agreed to finance the purchase, the Contract was assigned to Conseco Finance Servicing Corp.[1] (hereinafter "Conseco Servicing") shortly after it was executed.

The home was delivered to Appellants and set up on their lot, however, Appellants did not approve of the home's condition and refused to occupy it. Needless to say, the payments became delinquent and the mobile home was repossessed. On May 30, 2000, Appellants brought suit against Lakeland, Walters, Conseco

---

[1] Conseco Finance Servicing Corp. is a Delaware corporation with its principal place of business in St. Paul, Minnesota. At the time of sale, Conseco Finance Servicing Corp. was known as Green Tree Financial Servicing Corporation.

-2-

Servicing, and Conseco Finance Corp.[2] (hereinafter "Conseco Finance") in the Circuit Court of Claiborne County, Mississippi, seeking damages in connection with the purchase of the mobile home. Appellants' complaint asserted that the state court defendants made misrepresentations with respect to the age, condition, and cost of the mobile home. In addition, the complaint asserted that the defendants engaged in an egregious pattern and practice of fraud and deception in the sale and financing of mobile homes.

On June 29, 2000, Conseco Servicing and Conseco Finance (collectively hereinafter "Conseco") moved to dismiss the state court action and to compel arbitration pursuant to the arbitration clause in the Contract. On July 19, 2000, Appellants moved the state court to continue or stay, pending discovery on the issue of arbitrability, any hearing on Conseco's motion to compel arbitration. Subsequently, the state court granted Appellants' motion and entered an order on October 12, 2000, staying the arbitration issue and permitting the parties to conduct full discovery. Shortly thereafter, Appellants propounded written discovery to all defendants.

On February 12, 2001, Conseco Servicing filed the instant suit in federal court seeking an order to compel arbitration of Appellants' state court claims and to stay the state court action

---

[2]Conseco Finance Corp. is a Delaware corporation with its principal place of business in St. Paul, Minnesota. Conseco Finance Corp. is the parent company of Conseco Servicing.

-3-

pending arbitration. Appellants responded on February 23, 2001, and moved the district court to dismiss, or in the alternative, to stay the action pending resolution of the state court proceedings. On May 3, 2001, Conseco Finance moved to intervene in the district court action, compel arbitration of Appellants' state court claims, and stay the state court proceedings pending arbitration.

The district court entered its Memorandum Opinion and Order on June 8, 2001, denying Appellants' motion to dismiss, ordering Appellants to arbitrate their state court claims against Conseco Servicing, and staying the state court proceedings relative to Conseco Servicing. Similarly, on June 19, 2001, the district court granted Conseco Finance's motion to intervene and issued an order compelling Appellants to arbitrate their state court claims against Conseco Finance and staying the state court proceedings relative to Conseco Finance.

On appeal, Appellants contend that the district court erred in: 1) failing to join necessary and indispensable state court parties; 2) failing to abstain from exercising jurisdiction in light of the parallel state court proceedings; 3) staying the state court proceedings pursuant to the "in aid of jurisdiction" exception to the Anti-Injunction Act; 4) failing to dismiss the federal action due to collateral estoppel of the substantive issues in dispute; 5) failing to dismiss the federal action in light of Conseco's waiver of any right to invoke federal jurisdiction; 6) denying their motion for discovery; and 7) denying their request

-4-

for a jury trial.

**STANDARDS OF REVIEW**

We review *de novo*, a district court's assumption of subject matter jurisdiction. *See Local 1351 Int'l Longshoremens Assoc. v. Sea-Land Serv. Inc*., 214 F.3d 566, 569 (5th Cir. 2000). We review for an abuse of discretion, a district court's determination whether to exercise its jurisdiction and *de novo*, its underlying legal conclusions. *See Safety Nat'l Cas. Corp. v. Bristol-Myers Squibb Co*., 214 F.3d 562, 564 (5th Cir. 2000). Insofar as the availability of the exceptions to the Anti-Injunction Act is an issue of law, we review *de novo*, a district court's injunction of a state court action. *See Next Level Communications L.P. v. DSC Communications Corp*., 179 F.3d 244, 249 (5th Cir. 1999). We review for an abuse of discretion, a district court's decision whether to issue an injunction that properly falls within the exceptions to the Anti-Injunction Act. *See Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 823 (5th Cir. 1998). We also review *de novo*, a district court's application of collateral estoppel and the decision to deny a jury trial on factual issues in the context of an arbitration agreement. *See Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 868 (5th Cir. 2000) (citation omitted) ("[T]he application of collateral estoppel is a question of law that we review de novo."); *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997) (citation omitted) ("We also review de novo a district court's

-5-

decision to deny a jury trial on the factual question of whether the parties agreed to arbitrate."). We review a district court's discovery decisions for an abuse of discretion. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).

## DISCUSSION

Appellants raise a number of issues on appeal. We address each in turn below.

## I. JURISDICTION TO HEAR APPEAL

Before addressing the merits of the issues presented in this appeal, we must first determine whether we have jurisdiction over the district court's orders compelling arbitration. In *Green Tree Finance Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000), the Supreme Court addressed the appealability of orders compelling arbitration under the Federal Arbitration Act, 9 U.S.C. § 16(a)(3) (1999) (hereinafter "the FAA").[3] The Supreme Court held in *Green Tree* that, a district court's order compelling arbitration is appealable as a final decision under § 16(a)(3) if the underlying action is dismissed. *See Green Tree*, 531 U.S. at 86-87. The FAA does not define a "final decision" with respect to an arbitration. *Green Tree* instructs, however, that a final decision "is a decision that ends the litigation on the merits and leaves nothing more for the

---

[3]Section 16(a)(3) of the FAA states in relevant part: "(a) An appeal may be taken from – . . . (3) a final decision with respect to an arbitration that is subject to this title." 9 U.S.C. § 16(a)(3).

-6-

court to do but execute the judgment." *Id*. at 86 (internal quotations and citations omitted). In a footnote to the opinion, the Supreme Court expanded its holding beyond the specific facts presented in *Green Tree* and stated that "[h]ad the District Court entered a stay instead of a dismissal in this case, that order would not be appealable." *Id*. at 87 n.2 (citing 9 U.S.C. § 16(b)(1)).

In the instant case, Conseco contends that after granting their motions to compel, the district court stayed its action and thus, the orders are not appealable. Although Conseco concedes that the district court's orders did not expressly state that the action was stayed, Conseco maintains that insofar as the orders generally granted their arbitration motions and insofar as they requested a stay pursuant to 9 U.S.C. § 3, it logically follows that the district court stayed the action. Even a cursory reading of Conseco's Complaint and Petition for Order Compelling Arbitration and for Other Relief, the district court's Memorandum Opinion and Order of June 8, 2001, and the subsequent Order of June 19, 2001, however, reveals the flaws in Conseco's contention.

Conseco is correct in that the district court's orders did not expressly state that the district court action was stayed. Conseco is incorrect, however, in interpreting the district court's orders as a stay of the district court action and in implying that they requested a stay of the district court action. Conseco's request

-7-

for injunctive relief specifically sought to enjoin "all proceedings on the part of Defendants, and their attorneys in the State Court Action."  Furthermore, the district court's order clearly provides that the stay accompanying the order compelling arbitration applied only to the state court proceedings relative to the parties in the instant suit.  Because the district court action was not stayed, Appellants' district court motion to dismiss or to stay pending the outcome of the state court proceedings was denied, and the orders compelling Appellants to arbitrate their claims against Conseco ended the litigation on the merits and left nothing more for the district court to do but execute the judgment, we conclude that the district court's decision was a final decision within the meaning of § 16(a)(3) and in accordance with *Green Tree*.  Thus, we have jurisdiction to hear the instant appeal.

## II.  SUBJECT MATTER JURISDICTION

Appellants argue that the district court erred in denying their motion to dismiss.  Specifically, Appellants maintain that Walters and Lakeland are indispensable parties to the instant action because of their participation in the formation of the Contract and should have been joined.  Appellants further maintain that the joinder of Walters and Lakeland would have destroyed diversity jurisdiction under 28 U.S.C. § 1332 due to their non-diverse status as residents of Mississippi.  We disagree.

Rule 19(a)(1) requires joinder if "in the person's absence

complete relief cannot be accorded among those already parties."
FED. R. CIV. P. 19(a)(1). When joinder of a person described in
Rule 19(a)(1) is not feasible because it will deprive the court of
subject matter jurisdiction, Rule 19(b) requires the court to
determine whether "the action should proceed among the parties
before it, or should be dismissed, the absent person being thus
regarded as indispensable." FED. R. CIV. P. 19(b).

Contrary to Appellants' contentions, however, Walters and
Lakeland were not necessary and indispensable parties. Appellants'
state court complaint asserts that the Contract at issue was
procured through fraud and deceit. Appellants, however, did not
specifically allege fraudulent inducement in the execution of the
arbitration agreement. Under § 4 of the FAA, an allegation that
the entire contract was fraudulently induced does not call into
question the making of an agreement to arbitrate. *See Prima Paint
Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967).
Furthermore, "the federal district court ascertains only whether
the arbitration clause covers the allegations at issue. 'If the
dispute is within the scope of the arbitration clause, the court
may not delve further into the merits of the dispute.'" *Snap-On
Tools Corp. v. Mason*, 18 F.3d 1261, 1267-68 (5th Cir. 1994)
(quoting *Mun. Energy Agency v. Big Rivers Elec. Corp.*, 804 F.2d
338, 342 (5th Cir. 1986) (citing *Meridian v. Algernon Blair, Inc.*,
721 F.2d 525, 528 (5th Cir. 1983)).

In the instant case, the only issue before the district court was whether Appellants were to be compelled to arbitrate their claims against Conseco. Information regarding the participation of Walters and Lakeland in the formation of the Contract may have been beneficial in an examination of the merits of the underlying state court dispute, but were not necessary to determine whether the allegations at issue were within the scope of the arbitration clause. Accordingly, the district court did not err in denying joinder of Walters and Lakeland.

### III. ABSTENTION

Appellants argue that the district court erred in failing to abstain from hearing this case pursuant to the abstention doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and further elucidated in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). Specifically, Appellants contend that the district court abused its discretion in failing to abstain from hearing this case in light of the procedural posture of the underlying proceedings and Conseco's improper federal litigation tactics.

"The doctrine of abstention generally applies only to cases involving considerations of proper constitutional adjudication or regard for federal-state relations . . . in situations involving the contemporaneous exercise of concurrent jurisdictions." *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002) (internal

quotation and citation omitted). *Colorado River* instructs, however, that considerations of wise judicial administration may also serve as an appropriate basis for a federal district court's decision to refrain from exercising jurisdiction in favor of a parallel state court proceeding. *See id.*

The district court's orders do not explain its decision to exercise jurisdiction. Nevertheless, we begin our analysis with the federal court's virtually unflagging obligation to exercise the jurisdiction conferred upon them. *See id*. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id*. at 813. "Abdication of the obligation to decide cases can be justified under [the abstention] doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.*

There is no hard and fast rule for determining whether to dismiss a federal action because of parallel state court litigation. Factors relevant to the decision, however, include: 1) which court first assumed jurisdiction over the res; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent fora; 5) whether and to what extent federal law provides the rules of decision on the merits; and 6) the adequacy of the state court proceeding in protecting the rights

of the party invoking federal jurisdiction.  *See id.* at 818; *Moses H. Cone*, 460 U.S. at 23, 26; *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (citation omitted).  No single factor is dispositive.  Rather, the decision whether to abstain requires a careful balancing of these factors as they apply in a given case.

The first factor is not applicable to the instant case as there has been no exercise of jurisdiction over any res or property.  With respect to the second factor, Appellants assert that the federal forum is inconvenient due to the geographic distance between Claiborne County (the location of the state court action) and Hinds County (the location of the federal court action) and thus, this factor weighs in favor of exercising jurisdiction.  We disagree.  The question is not whether the federal forum is inconvenient, but rather "whether the inconvenience of the federal forum [to the parties] is so great that this factor points toward abstention."  *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988).  Because Claiborne County and Hinds County are neighboring counties, any inconvenience would be minor.  Thus, this factor weighs in favor of exercising jurisdiction.  The third factor also weighs in favor of exercising jurisdiction.  Although it is generally desirable to avoid piecemeal litigation when possible, the FAA "requires piecemeal resolution when necessary to give effect to an arbitration agreement."  *Moses H. Cone*, 460 U.S.

at 20.

Mindful of the Supreme Court's caution against giving "too mechanical a reading to the 'priority' element," we find that the fourth factor, the order in which jurisdiction was obtained by the concurrent fora, weighs slightly in favor of abstention. *Id*. at 21. The state court action was filed almost nine months prior to the federal action. Furthermore, the state court had issued an order permitting discovery and Appellants had propounded written discovery.

The only question before the district court was whether Appellants should be compelled to arbitrate their state court claims against Conseco. "The FAA establishes that, 'as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . .'" *Bank One, N.A.*, 288 F.3d at 186 (quoting *Moses H. Cone*, 460 U.S. at 15). Thus, the fifth factor, whether and to what extent federal law provides the rules of decision on the merits, weighs in favor of the district court exercising jurisdiction. The sixth factor, the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction is a neutral factor. *See Evanston Ins. Co.*, 844 F.2d at 1193 (explaining that the adequacy of the state proceedings "can only be a neutral factor or one that weighs against, not for, abstention"). Although the FAA represents federal policy, enforcement of it is left in large part to the

state courts. *See Moses H. Cone*, 460 U.S. at 26 n.32.

Because no single factor is dispositive and the weight accorded to any single factor depends upon the circumstances of the particular case, ending our analysis with these six factors would present a fairly close call due to the state court's prior assumption of jurisdiction. Yet, the balance would still tip slightly in favor of the district court exercising jurisdiction. A determination of whether exceptional circumstances warranting abstention are present in any given case, however, is not restricted to an examination of these six factors alone. Although not called into play in *Moses Cone*, there, the Supreme Court instructed that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Moses H. Cone*, 460 U.S. at 26 n.20.

Relying on the arbitration provision in the Contract, Conseco countered Appellants' state court complaint with a motion to compel arbitration. Appellants opposed Conseco's arbitration motion and moved the court for a stay or continuance of any hearing on Conseco's motion in order to allow the parties to take discovery relevant to the enforceability of the arbitration provision. Finding Appellants' motion well taken, the state court entered an order on or about October 11, 2000, permitting full discovery and staying any hearing on Conseco's motion to compel arbitration

pending discovery. On February 12, 2001, displeased with the course of progress in the state court action and four months after the state court stayed, pending discovery, any hearing on the motion to compel arbitration, Conseco Servicing filed the instant federal suit to compel arbitration.

Conseco's resort to the federal courts, nearly nine months after the initiation of the state court action and four months after the entry of an adverse order, appears at first glance to be an abuse of the federal courts. Conseco was free to pursue compulsion of arbitration in a parallel federal action upon being served in the state court action. Conseco elected, however, to pursue arbitration in state court. Only after the state court issued an order, not limiting discovery to the issue of arbitrability, but permitting full discovery and staying any action on the motion to compel arbitration, did Conseco decide to resort to the federal courts.

"The Supreme Court has noted that 'the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*.'" *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 105 (5th Cir. 1988) (quoting *Moses H. Cone*, 460 U.S. at 18 n.20). We are mindful, however, that "[a] party who could find adequate protection in state court is not thereby deprived of its right to the federal forum, and may still pursue the action there

since there is no ban on parallel proceedings." *Evanston Ins. Co.*, 844 F.2d at 1193.

The sequence of events in this case demonstrate that Conseco's initial position in state court and its resort to the federal courts were consistent with the policy of the FAA to move the case out of court and into arbitration as quickly as possible. There was no improper forum shopping or attempt to undermine the authority of the state court to enforce its order. Although the question is close, we find that this case does not present the exceptional circumstances necessary to abstain from exercising jurisdiction in favor of the ongoing proceedings in state court. Accordingly, the district court did not abuse its discretion in exercising jurisdiction.

## IV.   STAY OF STATE COURT PROCEEDINGS

Appellants argue that the district court erred in staying the state court proceedings, insofar as they related to the parties to the federal court action, pursuant to the "in aid of jurisdiction" exception to the Anti-Injunction Act, 28 U.S.C. § 2283. More exactly, Appellants contend that the "in aid of jurisdiction" exception is inapplicable to the instant case because: 1) there is no property or res involved; and 2) the case was not removed from state court, but rather filed in federal court as a totally separate and independent proceeding. Appellants, however, fail to cite any controlling authority for this argument and we find it

totally without merit.

Section 2283 states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  Often referred to as the relitigation exception, the "necessary in aid of its jurisdiction, or to protect or effectuate its judgments" exception, is applicable when "the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988).  The stay at issue here properly falls within the exception for injunctions.  Accordingly, we find no abuse of discretion on the part of the district court in staying the state court proceedings.

## V.  Collateral Estoppel

Appellants maintain that the district court erred in failing to dismiss this action because Conseco was collaterally estopped from litigating the substantive issues involving arbitration as a result of the state court's discovery order.  We disagree.

Under Mississippi law, "[c]ollateral estoppel provides that an issue of ultimate fact which was a valid and final judgment may not be re-litigated between the same parties in a subsequent suit." *Farris v. State*, 764 So.2d 411, 423 (Miss. 2000) (citing *Ashe v.*

*Swenson*, 397 U.S. 436, 443 (1970).  "Where the elements of estoppel have been satisfied, the court's inquiry is not whether the court's order was erroneous, but only that it was the final judgment of the case."  *State ex rel. Moore v. Molpus*, 578 So.2d 624, 642 (Miss. 1991) (internal quotation and citation omitted).  In the present case, the state court's discovery order did not adjudicate all of the claims of the parties.  As such, it was interlocutory in nature and not a final judgment on the merits.  *See* MISS R. CIV. P. 54(a); *Cunningham v. Mitchell*, 535 So.2d 589, 592 (Miss. 1988) (holding that order compelling discovery was not an appealable final judgment).  Accordingly, this assignment of error lacks merit.

## VI.  WAIVER OF ARBITRATION

Appellants assert that Conseco's resort to the federal courts after receiving an adverse ruling in the state court constituted reactive and vexatious conduct resulting in a waiver of any right to invoke federal jurisdiction.  "Fifth Circuit precedent places a 'heavy burden' on a party claiming waiver of arbitration rights." *Snap-On Tools Corp.*, 18 F.3d at 1267 (citation omitted). "Accordingly, we indulge a presumption against finding waiver." *Id.* (citing *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991).  Insofar as we have already found that Conseco's resort to the federal courts did not amount to reactive and vexatious conduct warranting abstention, we similarly find no waiver of any right to seek compulsion of arbitration in federal court.

-18-

## VII.  DENIAL OF DISCOVERY

Appellants contend that the district court erred in denying discovery relative to the enforceability of the arbitration agreement.  Specifically, Appellants argue that their defenses of fraud and unconscionability turn upon factual questions and thus, they should be entitled to conduct discovery.  We disagree.

"[I]n FAA suits, the federal courts conduct 'an expeditious and summary hearing, with only restricted inquiry into factual issues' bearing on the making of the arbitration agreement."  *Snap-On Tools Corp.*, 18 F.3d at 1265 n.4 (citing *Moses H. Cone*, 460 U.S. at 22).  Appellants allegations of fraud and unconscionability were not directed specifically at the arbitration agreement, but at the Contract in general.  A general allegation that a contract was fraudulently procured does not call into question the making of an agreement to arbitrate.  *See Prima Paint Corp.*, 388 U.S. at 403-04.  The issue before the district court was not whether the arbitration agreement was unconscionable or procured by fraud, but whether Appellants should be compelled to arbitrate their claims against Conseco.  The discovery sought by Appellants was not necessary to answer the question before the district court.  Accordingly, we find that the district court did not abuse its discretion in denying discovery.

## VIII.  TRIAL BY JURY

Appellants argue that they are entitled to a jury trial under

§ 4 of the FAA relative to the issue of arbitrability and that the district court erred in compelling arbitration. Appellants essentially put forth two arguments.[4] First, Appellants contend that they "did not knowingly, voluntarily and intellectually waive their right to a trial by jury." In support of this contention, Appellants maintain that they were fraudulently induced to sign the Contract containing the arbitration clause and therefore, cannot be compelled to arbitrate any of the claims that have been asserted in state court because the Contract was procured through fraud, trickery, and deceit. As we have stated throughout this opinion, however, an allegation that the contract, as a whole, was procured by fraud does not call into question the making of an agreement to arbitrate. "Under Supreme Court precedent, a party must challenge the making of the agreement to arbitrate itself in order to create a jury-triable issue." *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 n.9 (5th Cir. 1992) (internal quotation omitted) (citing *Prima Paint Corp.*, 388 U.S. at 403-04).

Second, Appellants assert that because they requested a jury trial in both the state and federal court actions, the FAA requires that they receive one. This argument is not persuasive. "A party

---

[4]We note that Appellants also contend that the "district court erred in not holding the arbitration agreement unconscionable, or alternatively, allowing discovery on this issue." Appellants fail, however, to show why the arbitration agreement was unconscionable but rather, make only unsupported general allegations directed at the Contract as a whole. Accordingly, we find this argument lacking in merit.

to an arbitration agreement cannot obtain a jury trial merely by demanding one." *Id*. (citation omitted). Even if Appellants's allegations of fraud and unconscionability were taken as true, there would be no legal basis for submitting the issue to a jury. Thus, we find no error in the district court's denial of Appellants' request for a jury trial.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's Memorandum Opinion and Order of June 8, 2001, and the subsequent Order of June 19, 2001, staying the state court action and compelling Appellants to arbitrate their claims against Conseco.