**AMERICAN EQUITY INSURANCE COMPANY, Plaintiff,**

v.

**UNDERWRITERS AT LLOYDS LONDON AND CERTAIN INSURANCE COMPANIES, et al, Defendants.**

**No. CIV.A. H–02–1691.**

United States District Court, S.D. Texas, Houston Division.

Aug. 20, 2002.

John Charles Tollefson, Goins Underkofter et al., Dallas, TX, for plaintiff.

James Clifton Hall, III, Attorney at Law, Houston, TX, Donald R. Abaunza, Liskow & Lewis, New Orleans, LA, Thomas A. Taylor, Looper Reed et al., Dallas, TX, Vic Fields, Vic Fields & Associates, Austin, TX, for defendants.

George B. Jurgens, III, Nesser, King & LeBlanc, New Orleans, LA, James D. Bercaw, King LeBlanc et al., New Orleans, LA, for movants.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

Pending before the Court is the Motion to Stay of Defendant/Claimant Chalmers, Collins & Alwell, Inc. ("Chalmer's Motion") [Doc. # 32], to which Plaintiff American Equity Insurance Company and several Defendants have responded in opposition.[1] The Court has considered the parties' submissions, all matters of record, and applicable legal authorities and concludes that the request to stay this action should be denied.

## I. FACTUAL BACKGROUND

On May 7, 2002, Plaintiff American Equity Insurance Company ("AEIC"), the comprehensive general liability insurer of Chalmers, Collins and Alwell, Inc. ("CCA"), filed this suit in this Court seeking a declaratory judgment concerning the scope of certain terms in its comprehensive general liability ("CGL") policy issued to Defendant CCA, and interpleading funds likely to be owed to numerous potential judgment creditors of CCA. The judgment creditors asserted various claims against AEIC in a consolidated civil actions captioned *Newfield Exploration Company, et al v. OSCA, Inc., et al.*, Nos. H–00–3442 and H–01–2214 (S.D.Tex.) (Gilmore, J.) (the *"Newfield* Litigation"). AEIC also seeks an injunction directed to potential judgment creditors precluding the filing or prosecution of claims against AEIC in courts other than this Court where the interpleader is pending, a discharge of further liability, and attorney's fees incurred in this action, per 28 U.S.C. §§ 1335, 2361.[2]

On June 18, 2002, CCA filed a separate suit in Louisiana state court against AEIC and Ben Thibeaux, CCA's insurance broker, *Chalmers, Collins & Alwell, Inc. v. American Equity Insurance Company, et al.*, No.2002–3170–"C" (15th Jud. Dist.Ct.Lafayette, Louisiana) seeking insurance coverage, a defense from AEIC for claims by CCA's future judgment creditors in the *Newfield* Litigation, damages, penalties, attorney's

1. Plaintiff's Opposition to Motion to Stay ("Plaintiff's Opposition") [Doc. # 34], and Chevron U.S.A., Inc., Atofina Petrochemicals Corp., and Petrofina Delaware, Incorporated's Opposition to

Motion to Stay (the "Chevron Opposition") [Doc. # 35].

2. *See* Complaint, at 12.

fees, and costs. In the Louisiana suit, CCA asserts "bad faith" claims against AEIC and asserts various negligence and other claims against Thibeaux [3] for his failure to purchase excess insurance coverage for CCA's work, as promised.

Williams Field Services Company and Transcontinental Gas Pipe Line Company (collectively "Williams"), Newfield Exploration Company, its joint operators and their surrogated underwriters (collectively "Newfield"), OSCA, CCA and the Chevron entities [4] filed their answers to AEIC's interpleader action in this Court. Many of these Defendants filed claims for a portion of AEIC's policy proceeds.

On July 22, 2002, CCA filed its motion for leave to file an amended answer including a compulsory counterclaim in this proceeding. AEIC has indicated that it has no objection to this relief, and on August 15, 2002, the Court granted the motion. The allegations of CCA's counterclaim parallel that party's allegations in the Louisiana state court suit against AEIC. CCA requests here an award of damages, penalties, attorney's fees and costs that overlap with the claims asserted in Louisiana.

After filing its amended answer and counterclaim, CCA filed the instant motion to stay this suit pending resolution of CCA's Louisiana suit. Plaintiff and Chevron oppose this relief and request that this Court address the merits of the interpleader and other claims promptly.

CCA moves to stay this case because CCA is "confident" that it will win the Louisiana case against Thibeaux, which will result in an award of all the money it needs to pay its debts, rendering the present case moot.[5]

## II. DISCUSSION

CCA's request for abstention or a stay of this action pending disposition of the Louisiana case is unfounded. The authorities on

which CCA relies do not support the relief requested. First, AEIC's request for injunctive and interpleader relief (*i.e.*, coercive remedies) distinguish this case from a pure declaratory judgment action. *See Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir.1994).

> [A court is to] apply one of two different tests when reviewing a district court's exercise of its discretion to abstain because of the presence of ongoing parallel state litigation, depending on the substantive nature of the litigation. When a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply standards derived from *Brillhart v. Excess Insurance Company of America*[, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)].

> \*　　\*　　\*　　\*　　\*　　\*

> In contrast, when actions involve coercive relief the trial court must apply the standards enunciated by the Court in *Colorado River* and reaffirmed in *Moses H. Cone.* Although district courts likewise have "discretion" to abstain under these circumstances, such discretion is narrowly circumscribed by, "as the Court stated in *Colorado River*" their "virtually unflagging obligation ... to exercise the jurisdiction given them." Consequently, a district court should abstain under these circumstances only in the "exceptional case." The Court reaffirmed *Colorado River* in *Moses H. Cone*, making clear that *Colorado River* states an "exceptional circumstance" test and reiterating that "[o]nly the clearest of circumstances will warrant dismissal."

*Southwind*, 23 F.3d at 950–51 (footnotes omitted).

CCA relies on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), as authority for this Court's abstention of juris-

---

**3.** CCA says that the insurance agent failed to purchase an excess policy, which would have covered the amount over and above the American Equity policy limits and interest.

**4.** Chevron actually intervened as a defendant/claimant.

**5.** *See* Motion, at 2. CCA claims that it "just realized" it had the action against the agent and AEIC. Its excess insurer, Northland, however, apparently denied coverage over a year ago. *See* Exhibit 1 to Plaintiff's Opposition.

diction over AEIC's interpleader suit.[6]  This kind of abstention is designed to avoid duplicative litigation, and frequently is referred to as Colorado River-type abstention.  *Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 390 (5th Cir.2001) (citing Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4241).

> "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Abdication of the obligation to decide cases under the doctrine of abstention can be justified "only in the exceptional circumstances where the order to the parties to repair to state court would clearly serve an important countervailing interest."  The doctrine of abstention generally applies only to cases involving "considerations of proper constitutional adjudication [or] regard for federalstate relations . . . in situations involving the contemporaneous exercise of concurrent jurisdictions."  The present case, however, presents neither a federal constitutional question nor an issue of federal-state comity.  Nevertheless, it may still be appropriate for a federal district court to refrain from exercising jurisdiction on considerations of wise administration of judicial resources.

*Bank One, N.A. v. Boyd,* 288 F.3d 181, 185 (5th Cir.2002) (quoting *Colorado River,* 424 U.S. at 813, 817, 96 S.Ct. 1236).  The *Colorado River* court observed that federal courts have a "virtually unflagging obligation to exercise the jurisdiction given to them."  *Id.* at 817, 96 S.Ct. 1236.  Moreover, "the pendency of an action in the state courts is no bar to proceedings concerning the same matter in the federal court having jurisdiction."  *Id.* CCA has not carried this burden.

■ In deciding whether to apply *Colorado River* abstention, a federal district court may consider the following factors:

(1) the avoidance of exercises of jurisdiction over particular property by more than one court,

(2) the inconvenience of the federal forum,

(3) the desirability of avoiding piecemeal litigation,

(4) the order in which jurisdiction was obtained by the concurrent forums,

(5) the applicability of federal or state law to the merits of the claims at issue, and

(6) the adequacy of the state court proceedings to protect the rights of the party that invoked the federal court's jurisdiction.

*Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.,* 460 U.S. 1, 15–16, 23, 103 S.Ct. 927, 74 L.Ed.2d 765, (1983); *Colorado River,* 424 U.S. at 818, 96 S.Ct. 1236; *Bank One, N.A. v. Boyd,* 288 F.3d 181, 185 (5th Cir.2002); *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1190 (5th Cir.1988).  "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  *Bank One, N.A.,* 288 F.3d at 185 (citing *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. 927).

■ Analysis of these factors easily demonstrates that abstention is unwarranted, and indeed improper.  Further, a stay pending the disposition of the Louisiana action is not appropriate.

### 1.  Conflicting Exercises of Jurisdiction Over the Property in Issue

This factor usually applies to *in rem* cases, rather than *in personam* disputes.  To the extent that AEIC's interpleader action is in the nature of an *in rem* action concerning the CGL policy proceeds of $1.125 million dollars, AEIC has deposited these funds into the registry of this Court.  This property provides no basis to abstain or stay the proceedings.

### 2.  Convenience of Forum

The only person or potential parties residing in Lafayette, Louisiana, are CCA and Thibeaux.  All other persons have offices in

---

**6.** To the extent CCA also cites district court cases, the authorities are either inapposite or  unpersuasive.

Houston, do business in Houston, and, in fact the underlying case was tried in Houston. The pleadings and papers in the *Newfield* Litigation comprise the bulk of the evidence in this case, and are located in Houston. CCA bases its bad faith claim on the fact that its defense counsel in the *Newfield* Litigation, Charles Watson and Chris Tramonte, mishandled the settlement negotiations which took place in Houston [7] and involved other Houston lawyers in the *Newfield* Litigation. Thus, the Houston negotiations are central to CCA's counterclaim.[8] The convenience of the principal witnesses, the Houston lawyers, is best served in this forum.

### 3. Desirability of Avoiding Piecemeal Litigation

This test is evaluated with reference to which of the competing actions has more parties and issues. The Louisiana case does not include any of the judgment creditors of CCA, who are all present in the case in this Court. Only CCA and AEIC are parties in the Louisiana case, while the present action has more than a dozen parties. The only person missing in this case is Thibeaux, the insurance agent. However, the claim against him for failing to purchase the excess insurance is a discrete claim from those here. That claim may be resolved in Louisiana.[9] Resolution of CCA's claims involving the excess insurance is not dependent upon the issues in this case, which involves disputes as to how to divide the primary insurance.[10]

The claim for "bad faith" damages against American AEIC in the Louisiana case is immaterial. That claim is asserted here by CCA as a counterclaim.[11] The less complete (no interpleader issues, no judgment credi-

tors as parties) state court case cannot resolve all of these issues.

### 4. Priority in Filing and

### 5. Order In Which Jurisdiction was Obtained

CCA only decided to embark on its present gambit after it was served in this case. Its suit in Louisiana was filed on June 18, 2002, six weeks after AEIC filed this suit.[12] In this suit, service has been obtained, cross– and counter-claims filed, interventions served, and the scheduling conference set. In the Louisiana action, little if anything material has happened.

### 6. Adequacy of the State Court

The state court in Louisiana does not enjoy national service of process as does this court, per 28 U.S.C. §§ 1335 and 2361, does not have the present parties before it. and cannot enjoin courts in other jurisdictions from proceeding with multiplicitous litigation. If this case is stayed, or dismissed, as CCA suggests, in favor of the Louisiana action, the judgment creditors, as third-party beneficiaries, are free to execute on CCA, sue AEIC as third party beneficiaries or direct claimants to its policy of insurance, exposing CCA and/or AEIC to multiple, inconsistent obligations. *See Dairyland Co. Mut. Ins. Co. v. Childress,* 650 S.W.2d 770 (Tex.1983) (Judgment creditors have direct action against liability policy); La.Rev.Stat. 22:655 (Louisiana's direct action statute).

The *Newfield* Litigation was tried in this Court, and a jury rendered a verdict, in part, in favor of claimants and against CCA. Judge Gilmore is expected to resolve shortly the insurance coverage dispute between OSCA

---

7. *See* Plaintiff's Opposition, Exhibit 2.

8. *See* Record [Doc. # 32], at 9–15.

9. Plaintiff argues that CCA may be able to sue Thibeaux in this case, under 28 U.S.C. § 1367. However, such an addition would require leave of court. It is unclear if this Court has personal jurisdiction over Thibeaux.

10. CCA correctly points out that its victory for the sums demanded in the Thibeaux case would moot this action.

11. Indeed, CCA admits that "resolution of some of these ['bad faith'] issues has a direct bearing on the amount of the stake in this interpleader action and on the declaratory judgment sought by AEIC." Motion for Leave to File Counterclaim, at 4.

12. CCA's complaint and summons were not served on AEIC until July 9, 2002. Plaintiff's Opposition, Exhibit 3.

and its insurers, and then enter a final judgment.

CCA has entirely failed to establish that abstention or a stay is warranted in this case and its request for abstention or a stay in deference to the Louisiana action is denied.

### III. *CONCLUSION*

CCA may proceed against Thibeaux in its Louisiana action, as it sees fit. The Court will proceed in due course on the issues presented here, subject to a resolution of related issues by the Honorable Vanessa Gilmore in the *Newfield* Litigation. It is therefore

**ORDERED** that the Motion to Stay of Defendant/Claimant Chalmers, Collins & Alwell, Inc. [Doc. # 32] is **DENIED**.