**WEST SIDE TRANSPORT, INC. and Zurich American Insurance Company Plaintiffs**

**v.**

**APAC MISSISSIPPI, INC; Culpepper Enterprises, Inc.; Barbara G. Goodwin, Individually and as Natural Guardian of Raphael Goodwin, Jr.; Robin C. Thrasher; Laura Nauditt; Lizabeth Nutter; Kelly Thrasher; Eleanor Jenkins; Larry A. Jenkins; Billie Rycroft; Ted Jessup; Bonnie Jessup; Helen Grafe; Roy Grafe; Charless Isbell; William Ivey; Darvol Hart and John Does 1–20 Defendants**

**No. CIV.A. 4:02CV256LN.**

United States District Court, S.D. Mississippi, Eastern Division.

Nov. 15, 2002.

*Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950– 51 (5th Cir.1997).

Ronnie Leigh Walton, Glover, Young, Walton, Phillips & Tucker, PLLC, Meridian, MS, John D. Price, Wise, Carter, Child & Caraway, Jackson, MS, Robert E. Konchar, Ronnie Leigh Walton, Moyer & Bergman, Cedar Rapids, IA, Edward J. Currie, Jr., Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for Plaintiffs.

Robert L. Wells, Erin S. Christ, Young, Williams, Henderson & Fuselier, Jackson, MS, James D. Holland, Deanne B. Saltzman, Page, Kruger & Holland, P.A., Jackson, MS, Henry W. Palmer, Lawyers, PLLC, Meridian, MS, Stephen Montagnet, III, McCraney, Nosef, Montagnet & Sanford, PLLC, Meridian, MS, Silas G. Cross, Jr., Erby J. Fischer, Cross, Poole & Fischer, LLC, Tuscaloosa, AL, Wayne Eric Stracener, Baria, Fyke, Hawkins & Stracener, PLLC, Jackson, MS, Glover Clark Monroe, II, Dunbar & Monroe, PLLC, Jackson, MS, Christopher M. Falgout, John W. Boling, Meridian, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on separate motions of defendants Helen and Roy Grafe, and of defendants Robin Thrasher, Laura Nauditt, Lizabeth Nutter and Kelly Thrasher (the Thrasher defendants) to dismiss or, in the alternative, to abstain. Plaintiffs Zurich American Insurance Company (Zurich) and West Side Transport, Inc. (West Side) have filed responses in opposition to these motions, and the court, having considered the memoranda of authorities, together with attachments, concludes that the Grafes' and Thrasher defendants' motions should be granted in part and denied in part, as set forth herein.

This lawsuit has its origins in a June 20, 2002 multiple vehicle accident in Lauderdale County, Mississippi, in which a tractor-trailer owned by West Side Transport, Inc. and driven by West Side employee Joseph McCrary, crashed into a line of eight vehicles which were stopped in traffic on Interstate 20/59. The collision left two dead, Guy Stephen Thrasher and Raphael Goodwin, Jr., one critically injured, Helen Grafe, and others with minor injuries.

*The Lawsuits*

On June 27, 2002, Barbara Goodwin, a Mississippi resident, filed suit in the Circuit Court of Lauderdale County against West Side, an Iowa corporation, and the driver, McCrary, an Alabama resident. On July 2, the case was removed to this court on the basis of diversity jurisdiction. On that same day, West Side and its liability insurance carrier, Zurich, filed the present action in federal court.[1] As to count one of the complaint, a count for interpleader relief, declaratory judgment and injunctive relief, plaintiffs have named as defendants all those persons who sustained or potentially sustained damage as a consequence of the collision and who thus have claims or potential claims to West Side's insurance benefits. Pursuant to count one, Zurich has interpled $1,000,000 in insurance benefits which it acknowledges represents available coverage under West Side's policy.

---

1. At the time of the accident, West Side was insured under a policy which provided coverage for the truck and trailer and provided coverage of up to $1,000,000 per accident.

Count two of the complaint is a claim for damages by West Side against APAC Mississippi, Inc. and Culpepper Enterprises, Inc., which are alleged to have caused or contributed to the collision by their negligence.[2] West Side seeks a judgment against these defendants for damage to the West Side truck and trailer, for damage to the truck's cargo, for loss of income due to the damage to the truck and trailer, and for expenses relating to the recovery, removal and storage of equipment and cargo.

On July 8, 2002, less than a week after the present action was brought, Helen and Roy Grafe filed suit in the Circuit Court of Covington County against West Side, Joseph McCrary, APAC Mississippi and Culpepper Enterprises, seeking recovery for and on account of Helen Grafe's injuries in the collision. Then, on August 6, 2002, Robin C. Thrasher, Laura Naudit, Lizabeth Nutter and Kelly Thrasher, individually and as the wrongful death beneficiaries of Stephen Thrasher, filed suit in the Circuit Court of Covington County. However, in addition to seeking recovery in tort against West Side, McCrary, APAC and Culpepper, the Thrasher complaint named as defendants Zurich, Barbara Goodwin, the Grafes,[3] and all the other individuals known to have sustained damages from the collision, and asserted a claim for a declaratory judgment respecting the extent of Zurich's coverage. They sought, in particular, a judgment that there were multiple "accidents," more than one "insured" involved and more than one "covered auto," with separate limits applicable to each, so that Zurich's liability exceeds the $1,000,000 in coverage already acknowledged by Zurich.

*The Motions to Dismiss West Side's Claims*

■ In their original complaint, the plaintiffs asked, among other things, that the court "adjudicate that the [$1,000,000] deposited into the registry of the Court ... is the total extent of Plaintiffs' liability coverage" under the Zurich policy, that the court require the interpleader defendants to assert their claims to the $1,000,000 and settle among themselves their rights of claims to the stake, and that the court enjoin and restrain the interpleader defendants from instituting or prosecuting any suit against "the Plaintiffs in any other Court on account of the" $1,000,000 fund. Although in substance, this included a request for declaratory relief, plaintiffs did not specifically denominate it as such; they have since moved to amend the complaint to specifically include a request for a declaratory judgment, requesting that the court declare that

1. All claims and collisions arising out of the June 20, 2002 accident are one "accident" for purposes of determining Zurich's limit of liability under the policy;

2. The total maximum limit of liability available to West Side and McCrary under the policy is $1 million; and

3. After payment of the funds interpled into this Court to various claimants, Zurich has no further duty to defend and/or indemnify West Side and McCrary.

The Grafe defendants, joined by the Thrasher defendants, have moved to dismiss West Side's claims against them pur-

---

**2.** It is alleged that APAC and Culpepper, which were involved in clearing trees from the median, had parked a Culpepper truck in one lane of traffic in order to load trees that were to be hauled away, and thereby caused the traffic tie-up. West Side alleges that these defendants were negligent parking the truck in the roadway and in failing to provide any warning to approaching motorists that the truck was parked there.

**3.** They were erroneously identified as Helen and "James" Grafe.

suant to Rule 12(b)(6). They argue that although West Side is a proper plaintiff as to count two, which is directed against APAC and Culpepper, it is not a proper interpleader plaintiff and plainly has no legitimate claim against these defendants or any of the other accident victims. They suggest that West Side has joined with Zurich as a plaintiff in count one, even though it has no proper claim of any sort to assert against any of the accident victims, and has further misjoined its claims against APAC and Culpepper with Zurich's interpleader and declaratory judgment claims, all in a transparent attempt to force these defendants to assert and litigate their tort claims against West Side as compulsory counterclaims in this action, rather than in their chosen state court forum. They submit that in order to accomplish this, West Side has even gone so far as to remove their state court cases to this court, apparently on the basis of nothing more than the pendency of this action—which, they contend, is no basis at all. They thus urge the court to put an end to this charade by dismissing West Side's putative claims against them and by clearly severing West Side's claims in count two from Zurich's separate and distinct claims in count one.

As plaintiffs have contended, it is plain that West Side has no legitimate basis for any putative claim against these defendants. The court would agree that West Side has an interest in the subject matter of the interpleader aspect of the case, but not as a plaintiff against the accident-victim defendants. On the contrary, one would tend to assume that the claims that are the subject of count one, notably the claims that Zurich's payment of $1,000,000

under the policy exhausts West Side's available coverage under the policy and that after payment of this amount, Zurich has no further duty to defend West Side, are directly contrary to West Side's interest. One would further tend to assume that West Side has joined as a plaintiff in the case, either in its capacity as an interpleader/declaratory plaintiff, or as tort plaintiff against APAC and Culpepper, in an impermissible attempt to force the interpleader defendants to litigate their tort claims against West Side in this litigation. The court cannot aid in this effort. Defendants' motion to dismiss West Side's count one claims will be granted,[4] and count two will be severed from count one for all purposes. See Fed.R.Civ.P. 21 ("Any claim against a party may be severed and proceeded with separately.").

### The Motions to Dismiss or Abstain as to Zurich's Claims

■ The Grafe defendants have moved to dismiss Zurich's claim pursuant to Rule 12(b)(6), arguing that Zurich presently has no basis for its interpleader action since none of the interpleader defendants has yet to obtain a judgment against Zurich's insured. In this regard, they argue that since Mississippi is not a direct action state, none of the interpleader defendants can presently maintain a claim against Zurich for the insurance proceeds and that Zurich thus cannot possibly have a basis for its interpleader action. The Grafes' argument on this point is not well taken. While it was once the case that state law clearly prohibited direct actions against insurance companies by third parties, the Mississippi Supreme Court has since "overruled the line of cases ... which prohibited direct actions against insurance

4. The court notes that West Side has moved to enjoin and restrain the interpleader defendants from instituting or prosecuting any claim or lawsuit against it. Given that the court concludes that West Side's claims against the interpleader in this case are due to be dismissed, it follows that its request to enjoin the defendants from proceeding against it in any other litigation must fail.

companies," and "[i]n their place, . . . held that under Rule 57 of the Mississippi Rules of Civil Procedure, an insurance company may be named as a party to an action for the purpose of seeking declaratory judgment on the question of coverage." *Jackson v. Daley*, 739 So.2d 1031, 1038 (Miss.1999). Indeed, this is precisely what the Thrasher defendants have done in their lawsuit against West Side and Zurich. The Grafes' Rule 12(b)(6) motion is therefore without merit.

■ The Grafe and Thrasher defendants have moved the court alternatively to abstain from exercising jurisdiction in this case in deference to their own pending lawsuits. Plaintiffs object that abstention is not warranted. The parties have taken different positions on the question of which abstention standard applies to defendants' motion to abstain. The moving defendants argue that their motion is governed by the abstention standard articulated in *Brillhart v. Excess Insurance Company*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), which recognizes that in actions for declaratory relief, the federal court's exercise of discretion to abstain is ordinarily appropriate, while plaintiffs contend that

the issue here is governed by the standard established in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), under which abstention is appropriate only in "exceptional circumstances."

The Fifth Circuit held that the *Brillhart* standard only applies to actions "solely for a declaratory judgment," *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 679 (5th Cir.1973), and that it does not apply, and that *Colorado River* standard instead applies, to actions which also seek coercive relief, including injunctive relief,[5] unless "the request for injunctive relief is either frivolous or is made solely to avoid application of the *Brillhart* standard." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir.2000) (describing this as "the only potential exception to [the] general rule" that "when actions involve coercive relief the trial court must apply the standards enunciated by the Court in *Colorado River*").[6]

■ The Fifth Circuit has also held that in interpleader cases, if the jurisdiction of the federal court has been properly invoked,[7] it is " 'the duty of the trial court to

---

**5.** *See PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 679 (5th Cir.1973) (action for declaratory and injunctive relief must be treated as "an ordinary equity suit" subject to *Colorado River* standard); *see also Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir.2000) ("When a party seeks both injunctive and declaratory relief, the appropriateness of abstention must be assessed according to the doctrine of Colorado River.").

**6.** Even in cases in which the request for injunctive relief has been merely "ancillary" to the request for declaratory relief, the court has held that the fact of the claim for injunctive relief renders *Brillhart* inapplicable. *See PPG Indus.*, 478 F.2d at 679 ("To label the claim for an injunction 'ancillary' does not advance analysis."); *Black Sea*, 204 F.3d at 652 (rejecting argument that *Brillhart* applied

given the "ancillary" nature of claim for injunction).

**7.** The amount in controversy in this case is well over $75,000, and there is complete diversity of citizenship as required for diversity of citizenship, as Zurich is a New York corporation with its principal place of business in Illinois, and the named interpleader defendants are residents of either Mississippi, Alabama, Tennessee, Texas or South Carolina. The existence of federal jurisdiction is clear. *See Travelers Ins. Co. v. First Nat. Bank of Shreveport*, 675 F.2d 633, 638 n. 9 (5th Cir. 1982) ("Jurisdiction exists (over Rule 22 interpleaders brought under 28 U.S.C. § 1332) when the citizenship of the plaintiff (stakeholder) is diverse from that of all defendants (claimants), despite the fact that as among themselves the claimants are not citizens of different states.") (citations omitted); *see also*

determine the issues unless unusual circumstances triggered rules based on comity which would necessitate relegating the complaint to the state court.'" *Boston Old Colony Ins. Co. v. Balbin*, 591 F.2d 1040, 1044, 1043 (5th Cir.1979) (quoting *Maryland Cas. Co. v. Glassell–Taylor & Robinson*, 156 F.2d 519, 524–25 (5th Cir. 1946)) (applying "the general rule" that once jurisdiction is established in a diversity case, "the District Court must proceed to decide the case in accordance with its customary procedures for the management of its cases").[8]

From the foregoing, then, the court concludes that *Colorado River*, and not *Brillhart*, provides the correct standard for analysis. *See American Equity Ins. Co. v. Underwriters At Lloyds London and Certain Ins. Cos.*, 211 F.R.D. 298, 300 (S.D.Tex.2002) (concluding that the plaintiff's "request for injunctive and interpleader relief (i.e., coercive remedies) distinguish this case from a pure declaratory judgment action," making *Brillhart* inapplicable).

▬ While "as a general rule a federal court may not abstain from jurisdiction simply because there are parallel proceedings in a state court," *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 589 (5th Cir.1994) (citing *Colorado River*), the Court in *Colora-*

do River* recognized that "in spite of the federal court's 'virtually unflagging obligation ... to exercise the jurisdiction given them,'" *id.*, there are a few "exceptional circumstances" in which a federal court, in light of concerns regarding federalism, comity, and conservation of judicial resources, may abstain based on parallel state court litigation, *id.* Of course, before a court must concern itself with whether or not to abstain under *Colorado River*, it must first be satisfied that there are parallel proceedings pending in federal and state court, for that is the only circumstance in which the doctrine has application. *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002).

In this case, although the Thrasher defendants and the Grafes filed their suits in state court, both of those cases have since been removed and are currently pending in this court, subject, however, to pending motions to remand. The Grafes have moved the court in this case to stay consideration of their motions to abstain until the court has ruled on their motions to remand in the removed *Grafe* and *Thrasher* cases, presumably for the reason that as long as those cases remain pending in federal court, there is no pending state court litigation in favor of which this court might abstain.[9] The court finds it unnecessary

---

28 U.S.C. § 1335 (interpleader statute requiring for jurisdiction only that there be an amount in controversy in excess of $500, and that two or more of the adverse claimants to a contested fund must be "of diverse citizenship as defined in section 1332 of this title.").

**8.** In *Boston Old Colony Ins. Co. v. Balbin*, the Fifth Circuit observed that in recognition of considerations relating to the discretionary powers of courts of equity that had been held to warrant exceptions to the general rule, other courts had held that federal district courts may dismiss or stay an interpleader proceeding if an action already pending before a state court might obviate the need for the interpleader remedy in the federal court.

591 F.2d 1040, 1044 (5th Cir.1979) (citations omitted). The Fifth Circuit opted to adhere to the general rule. *Id. But see NYLife Distribs., Inc. v. Adherence Group, Inc.*, 72 F.3d 371 (3d Cir.1995) (holding that the *Brillhart* standard, rather than more narrow *Colorado River* standard, applied to district court's decision to dismiss a federal statutory interpleader action in favor of parallel state court proceedings).

**9.** On the flip side, West Side has moved in the *Grafe* and *Thrasher* cases to stay any ruling on the motions to remand until the court has ruled on the motion to dismiss in this case, and argues in this case that the court cannot abstain since there is no litigation currently pending in state court.

to first decide the motions to remand, though, since even assuming that the *Thrasher* and *Grafe* actions were to be remanded so that there would be pending state court actions, the court is not persuaded that abstention would be warranted.

■ The court could not abstain in favor of the *Grafe* case, since in the court's opinion, *Grafe* is not a "parallel" action. The Fifth Circuit has explained · that "[s]uits are 'parallel,' for the purposes of determining whether Colorado River abstention applies, if they 'involv[e] the same parties and the same issues.'" *Id.* (citations omitted). Contrary to the Grafes' argument that their case has "named all of the interested parties and addressed the pertinent issues," their case does not qualify as "parallel" inasmuch as Zurich has not been made a party to that case and the Grafes' case does not address any of the issues involved in this case.

■ The *Thrasher* case comes closer, because it names as defendants Zurich and (like the complaint herein) all those persons known to have sustained damages as a result of the collision, and it seeks a declaratory judgment as to the extent of Zurich's insurance coverage for the wreck. But no claim is alleged against any "defendant" other than Zurich; and the accident-victim defendants, in fact, do not appear to be proper "defendants" at all. If anything, they would be proper plaintiffs against Zurich; yet of the *Thrasher* defendants who have filed suit to date—namely Goodwin and the Grafes—none has elected to sue Zurich. One might reasonably conclude that the *Thrasher* state court case, which was filed more than a month after

the case at bar, was constructed in a manner designed to improve the chances of a successful abstention argument in this case. The court, however, is not persuaded that the *Thrasher* case is genuinely "parallel." [10] Even if it were, however, the court still would not abstain.

■ Under the *Colorado River* abstention doctrine, the following six factors are used "to determine whether a case falls within the 'extraordinary and narrow exception,' warranting surrender of the [district court's] 'virtually unflagging obligation' to exercise jurisdiction," *Safety Nat. Cas. Corp. v. Bristol–Myers Squibb Co.,* 214 F.3d 562, 564–65 (5th Cir.2000):

> (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking jurisdiction.

*Id.* (citations omitted).[11] "[T]he decision whether to dismiss a federal action because of parallel state-court litigation," however, "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Bank One, N.A. v. Boyd,* 288 F.3d 181, 185 (5th Cir.2002) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765). Not a single one of the *Colorado River*

---

10. Since *Brillhart* abstention, like *Colorado River* abstention, applies only where there is parallel state court litigation, then even if the court had concluded that *Brillhart* were the correct standard, it still would not abstain.

11. Actually, the first four factors are articulated in *Colorado River,* and the last two were added by the Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

factors weighs in favor of abstention in this case.

First, to the extent that Zurich's interpleader action is in the nature of an in rem action concerning the $1,000,000 in policy proceeds, Zurich has deposited these funds into the court's registry. Consequently, "[t]his property provides no basis to abstain or stay the proceedings." *American Equity Ins. Co.*, 211 F.R.D. at 301.

Furthermore, neither forum is any more or less convenient to any party, since the federal and state courts are in approximately the same geographic location within the state. Accordingly, this factor weighs against abstention. *See Black Sea*, 204 F.3d at 650.

█ Piecemeal litigation would not be avoided if this court were to abstain. In *Black Sea*, the Fifth Circuit stated,

"[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." Duplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property.

204 F.3d at 650–51. Here, Zurich does not deny that its policy provides coverage for the subject collision, and has interpled the $1,000,000 in admitted coverage into this court's registry. This court has jurisdiction over that property. What Zurich seeks by this action is an adjudication of the extent of its coverage and judicial in-

volvement in the distribution of the coverage funds to potential claimants. The plaintiffs in the *Thrasher* action also seek an adjudication of the extent of Zurich's insurance coverage, and in that respect, there is duplicative litigation; but again, that is not a basis for abstention under *Colorado River*.[12]

Regarding the fourth factor, while there has been little progress in the case at bar, neither has there been any progress in the *Thrasher* case. Thus, this factor weighs against abstention.

█ Likewise, although this case involves only issues of state law, that is not a basis for abstention, *see id.* (stating that "[t]he absence of a federal-law issue does not counsel in favor of abstention"), for the court's task is "not to find some substantial reason for the exercise of federal jurisdiction," but "to ascertain whether there exist 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction," *id.* (citations omitted). Thus, "the presence of state law issues weighs in favor of surrender only in rare circumstances," *id.; see also In re Abbott Labs.*, 51 F.3d 524, 529 (5th Cir.1995) ("Standing alone ... the novelty or complexity of state law issues is not enough to compel abstention."). This is by no means such a rare case. Thus, this factor weighs against abstention.

█ Finally, it is not apparent to the court that the interests of Zurich would be adequately protected in state court. Indeed, it is the office of an action for interpleader to protect the stakeholder from the potential liability that can arise when

---

**12.** The movants contend that this case is not sufficiently comprehensive because the plaintiffs failed to name McCrary and other West Side affiliates, and thus did not name "all of the interested parties." McCrary could possibly have an interest in establishing that the

policy provides him with coverage; but the fact that he has not been made a defendant does not prevent the granting of comprehensive relief as to all those who have been made parties.

faced with multiple competing claims. It is at best debatable whether this protection can be afforded Zurich in the Thrasher defendants' state court lawsuit. But in any event, this factor "can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea*, 204 F.3d at 651–52. This factor therefore remains neutral.

In light of the foregoing, it is evident that abstention under *Colorado River* is not warranted.

*The Request for a Stay*

■ The movant defendants contend that even if the court decides to retain jurisdiction over this matter, it should stay the case until all claims and damages in the pending state court matters have been resolved. In support of this contention, they refer the court to *State Farm Automobile Insurance Co. v. Sampson*, 324 So.2d 739, 742 (Miss.1975), in which the Mississippi Supreme Court held that when several claims arising from one accident are consolidated for trial and the tortfeasor's insurance is insufficient to pay all claims in full, the proceeds of the insurance should be distributed on a pro rata basis in accordance with the amount of damages suffered by each claimant. Regardless of whether it might be appropriate and/or advisable to stay the *distribution* of any insurance proceeds, the court discerns no justification for postponement of a decision on the issue of Zurich's total potential liability for the subject collision. Once that issue has been resolved, the court will then take up the issue of how best to proceed with the question of how insurance proceeds are to be distributed. The court thus at this time declines defendants' request for a stay.

*Conclusion*

Based on the foregoing it is ordered that the Grafe and Thrasher defendants' motions to dismiss West Side's complaint against them is granted; it is ordered that the Grafe defendants' motion to dismiss Zurich's complaint against them is denied; it is ordered that the Grafe and Thrasher defendants' motions to abstain are denied; it is ordered that West Side's motion to enjoin is denied; it is ordered that the Grafe defendants' motion to stay pending decision on their remand motion is denied; it is ordered that West Side's claims in count 2 against APAC and Culpepper are severed pursuant to Rule 21 of the Federal Rules of Civil Procedure and shall constitute a separate lawsuit to be assigned a new number by the Clerk of the Court.